United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA ALLEN LARGE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2928 |
| BRIAN COLLIER, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

At all times relevant to this lawsuit, Joshua Allen Large was an inmate in the Texas Department of Criminal Justice. He filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights.

The defendants filed a motion for summary judgment, (Docket Entry No. 13). Large did not respond to the motion. Based on the motion, the record, and the applicable law, the defendants' motion is granted, and Large's complaint is dismissed with prejudice.

**I.      Background**

At all times relevant to this case, Large was confined in the TDCJ's Hamilton Unit in Bryan, Texas. The defendants are TDCJ officials. Large alleges that the defendants exhibited deliberate indifference to the health and safety of Hamilton Unit inmates by allowing inmates from units with COVID-19 infections to be transferred into the Hamilton Unit and integrated with Hamilton Unit inmates. Large alleges that he became infected with COVID-19 from exposure to one of the transferred inmates.

## II.     Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and making judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

## III.    Analysis

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies.  42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir., 2004).

The defendants submit Large's TDCJ grievance records. *See* Motion for Summary Judgment, (Docket Entry No. 13), Exhibit A. Large's only COVID-related Step 1 grievance complains about preventive measures taken at the Hamilton Unit, including a precautionary lockdown, the phones being shut off, and a limit on the number of people permitted in the dayroom, as well as inmates' inability to practice social distancing. Large's grievance makes no mention of inmates being transferred and integrated into the Hamilton Unit. *Id.* at 5.

Because Large did not raise the subject of this lawsuit in his grievance, he failed to exhaust his available administrative remedies. His complaint must be dismissed. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("pre-filing exhaustion of prison grievance processes is mandatory").

## IV. Conclusion and Order

The defendants' motion for summary judgment, (Docket Entry No. 13), is granted, and the complaint, (Docket Entry No. 1), is dismissed with prejudice. Final judgment is entered separately.

SIGNED on November 29, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge